ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2007 JUN 15  PM 4: 05

CLERK OF COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| DR. SHERI L. KLOUDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | **4-07CV-355-Y** |
| v. | § | Civil Action No. _____ |
| | § | |
| SOUTHWESTERN BAPTIST | § | |
| THEOLOGICAL SEMINARY, and | § | |
| LEIGHTON PAIGE PATTERSON, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, DR. SHERI L. KLOUDA ("Dr. Klouda" or "Plaintiff" herein), by and through the undersigned counsel, and for her Original Complaint and Jury Demand[1], alleges as follows:

### A. PARTIES

1.    Plaintiff, DR. SHERI L. KLOUDA, an individual, is a citizen of and resides in the state of Indiana.

2.    Defendant, SOUTHWESTERN BAPTIST THEOLOGICAL SEMINARY ("Southwestern" or "Defendant" herein), is a domestic nonprofit corporation that is

---

[1] Plaintiff respectfully advises the Court that the claims alleged herein are alleged in the proposed *Plaintiff's Second Amended Complaint and Request for Declaratory Relief and Demand for Jury,* Civil Action No. 4-07CV-161-A, filed with the United States District Court Northern District of Texas, Fort Worth Division on April 27, 2007. A motion for leave to amend was filed concurrently with the proposed complaint and a decision on this motion is still pending. Accordingly, in order to preserve her statutory right to file this Title VII claim within the requisite time from receiving her EEOC right to sue letter and out of an abundance of caution, Plaintiff is filing this pleading.

incorporated under the laws of the State of Texas, with its principal place of business in Texas.  Defendant is not incorporated in Plaintiff's home state of Indiana, nor does it have a place of business there.  Defendant may be served with process by serving its registered agent, Joe Breshears, at 2001 W. Seminary Drive, Fort Worth 76115.

3.       Defendant, LEIGHTON PAIGE PATTERSON ("Dr. Patterson" or "Defendant" herein), is an individual residing in the state of Texas and may be served at his work address at 2001 W. Seminary Drive, Fort Worth 76115.

4.       Southwestern is administered by a forty member Board of Trustees serving staggered terms of office.  Trustees elect faculty members and administrative officers.  It is anticipated that some if not all members of the Board of Trustees may be added as Defendants herein, on the basis of their actions and/or as necessary parties for purposes of the declaratory judgment requested herein.

### B. JURISDICTION AND VENUE

5.       The Court has federal-question jurisdiction over the subject matter of the claims because the action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et. seq.* to correct unlawful employment practices on the basis of sex. The Court has further jurisdiction over the subject matter of the claims pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are considered citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

6.       Venue of this suit lies in Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. §1391(a)(2) because Defendants' principal place of business is in this district and a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this district, as more specifically described below.

## C. CONDITIONS PRECEDENT

7.      All conditions precedent to recovery have been performed or have occurred. A charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## D. STATEMENT OF FACTS

8.      Plaintiff, Dr. Sheri L. Klouda, was a prominent professor of Old Testament Languages in the School of Theology for the Defendant, Southwestern Baptist Theological Seminary. As a professor of Old Testament Languages, Dr. Klouda taught both male and female students. She is an accomplished academic theologian, who served as a professor at Southwestern for almost four years, impressing students and faculty alike, until she was forced out in the spring of 2006, because of her gender.

9.      Southwestern's President, Defendant Dr. Leighton Paige Patterson, informed Dr. Klouda that he would not renew her contract to teach or recommend her for tenure based solely upon the fact that she was a woman.

10.      According to Dr. Patterson, women are prohibited from teaching or ruling in any capacity over men.

11.      Upon his acceptance of the presidency at Southwestern, Dr. Patterson had publicly expressed his objective to build Southwestern's faculty with "God-called men."

12.      At all times material hereto, Dr. Patterson was acting both individually, and within the course and scope of his employment with Southwestern. Also, at all times relevant to this lawsuit Dr. Patterson was a vice-principal of Southwestern. Because Dr.

Patterson's malicious and tortious conduct occurred within the scope of his employment, in whole or in part, and to serve the interest of his employer, Dr. Patterson and Southwestern are both responsible for Dr. Patterson's wrongful acts under the doctrine of respondeat superior and vice-principal liability.

13.     Dr. Klouda received her bachelor's degree in Biblical Studies and her master's degree in Old Testament from Criswell College in Dallas, Texas in 1997 and 1998, respectively.  She received her Ph.D. in Old Testament Theology from Southwestern in May, 2002.  Prior to teaching at Southwestern, Dr. Klouda served as an assistant professor of biblical Hebrew at Beeson Divinity School at Samford University in Alabama.

14.     Dr. Klouda initially began her career at Southwestern in the spring of 2000 as a teaching fellow in the School of Theology.  She served in this capacity for three and a half years before being elected to the faculty by Southwestern's Board of Trustees as an assistant professor of Old Testament languages in April 2002.

15.     As an elected member of the faculty, Dr. Klouda was on a tenure-track position at Southwestern.  Southwestern's decision to hire Dr. Klouda as a member of its faculty was based upon the unanimous vote of its trustees.

16.     Dr. Klouda was one of eight professors hired in April 2002 for a tenure-track position; there were six males and two females, with Dr. Klouda being the only female to teach at the School of Theology.

17.     It was represented to Dr. Klouda that her contract with Southwestern would be renewed on a yearly basis based upon her performance.

18.     At that time, in April 2002, there were forty professors teaching at Southwestern's School of Theology in Biblical Studies.  Dr. Klouda was the only female in the School of Theology.

19.     While at Southwestern, Dr. Klouda exhibited professional excellence at all times and excelled in the classroom.  She built a strong reputation both as a teacher and a scholar, receiving high performance evaluations from both the students and the other faculty.

20.     In her position at Southwestern, Dr. Klouda taught ancient Semitic languages.  The function of her position was to teach Hebrew grammar, as well as introductions to other Semitic languages, including Aramaic and Ugaritic.

21.     In her duties, primary or otherwise, she did not teach or spread faith.

22.     She was not involved in church governance.  Nor was she involved in the supervision of a religious order, or the supervision of participation in religious ritual and worship.

23.     She was not a minister, nor would she have accepted such a job had it been offered.  She was a professor.

24.     In addition to teaching at Southwestern, Dr. Klouda also served on the editorial committee and as a contributor to the Southwestern Journal of Theology.

25.     Dr. Klouda enjoyed and intended to continue her teaching position at Southwestern.  In reliance upon Defendants' representations regarding the renewal of her contract, Dr. Klouda and her husband, William, purchased a home in Arlington, Texas.

26.     Dr. Klouda is the primary provider for her family due to illnesses suffered by her husband.  The Kloudas have one child, a daughter, who was enrolled in high school

5

in Arlington, Texas. The Kloudas were establishing roots in Texas, in reliance upon Defendants' representations regarding her position at Southwestern.

27. In June 2003, over a year after Southwestern unanimously approved Dr. Klouda for her tenure-track position, Southwestern hired Dr. Patterson as its president.

28. During a press conference following his appointment, Dr. Patterson was asked if he would hire women to teach in the School of Theology. He responded, "Dorothy (his wife) serves on the theology faculty," and that "provides somewhat of an answer."[2]

29. He then added, or perhaps foretold, that "There are ample number of men who are well–qualified for those positions." Patterson said he planned to build the faculty with "God-called men."

30. Dr. Patterson's remarks caused Dr. Klouda some concern. However, her concerns were allayed when she met with Dr. Patterson in September 2003.

31. At that time, Dr. Patterson personally assured her that the administration change—his appointment—would not jeopardize her position.

32. He told her that "she had nothing to worry about," that "he was satisfied with her position of service and the courses that she taught," that "he had no intentions of reversing any previous board decisions," and that her job was secure.

33. Dr. Klouda remained in her elected tenure-track position as a Professor of Hebrew until July 2006, continually receiving high marks from her peers and students.

34. Plaintiff's reputation and commitment to academic excellence reached beyond her teachings at Southwestern. Dr. Klouda regularly contributed to The Bulletin for Biblical Research, a journal specializing in the ancient Near East and biblical studies. Dr.

---

[2] Dorothy Patterson was serving as Professor of Theology in Women Studies. She, unlike Dr. Klouda, only teaches women. While she is listed as teaching in Southwestern's School of Theology on its website, she actually works in Southwestern's School of Education.

Klouda was also a guest lecturer at both the 57th and 58th Annual Meeting of the Evangelical Theological Society in 2005 and 2006, respectively.

35.     Most notably, in March 2006, Dr. Klouda received a prestigious grant from The Association of Theological Schools, the Lilly Grant for Theological Scholars, which partially funded her work entitled *Building a Biblical Theology for Today: The Theology of Intertextuality.*

36.     Despite Dr. Klouda's continued success at Southwestern and her prominent recognition in her field, it turned out that due to a change in presidents at the seminary, Dr. Klouda would never attain tenure at Southwestern or be able to continue on in her chosen job.   Defendant Patterson, based upon his social and/or personal beliefs, disingenuously used religion as a pretext for Defendants' actions in failing to renew her contract or recommend her for tenure.

37.     During Dr. Klouda's tenure at Southwestern, there were no changes in her excellent performance or her approval by the Trustees.

38.     This case requires no analysis of Defendant Southwestern's bylaws or church governance.

39.     Dr. Klouda was eventually forced from her position, not because of poor performance or a lack of credentials (neither of which could even remotely be attributed to Dr. Klouda), but because of her gender. She was a woman teaching men.

40.     On or about April 25, 2006, Southwestern informed Dr. Klouda that her contract was terminated, effective December 31, 2006.  Dr. Patterson told Dr. Klouda that he

would not renew her contract or recommend her for tenure for one simple reason: because she was a woman.[3]

41.    Dr. Klouda was told that she was "a mistake that the trustees needed to fix."

42.    The chair of Southwestern's board of trustees, T. Van McClain, later informed the Dallas Morning News that hiring a woman to teach men was a "momentary lax of the parameters."

43.    Dr. Klouda left Southwestern on August 1, 2006, after obtaining a teaching position at Taylor University in Upland, Indiana.  She relocated her family out of financial necessity, incurring costs and financial hardship.  She took a lower paying position, having to start over completely for the purpose of tenure evaluation at this new university.

### E.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### SEX DISCRIMINATION

44.    Plaintiff realleges paragraphs nine through forty-three in this Complaint and incorporates them by reference as if set forth in full.

45.    This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex.

46.    Defendant Southwestern, itself and by and through its agents, intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

---

[3] While Dr. Klouda was told of rumors by certain faculty in the summer of 2004 that she would not be receiving tenure, she was not officially or unequivocally informed of this decision by Defendant until April 2006.

Defendant Patterson, using his social belief but calling it "religious interpretation" blatantly discriminated against Dr. Klouda based on her gender.

47.     Defendant Southwestern, itself and by and through its agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a). The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

48.     The unlawful employment practices of Defendant Southwestern, itself and by and through its agents, had a disparate and adverse impact on Plaintiff because Plaintiff is a female. Such employment practices were not job-related and were not consistent with business necessity.

49.     Plaintiff further alleges that Defendant Southwestern, itself and by and through its agents, discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the protected rights of Plaintiff.

50.     Dr. Klouda's lengthy and successful tenure with Southwestern prior to Defendant Patterson's arrival demonstrate the inconsistency, and thus the fallacy, of claiming religious interpretation as justification for its actions.

## SECOND CAUSE OF ACTION
## CONSTRUCTIVE DISCHARGE

51.     Plaintiff realleges paragraphs nine through forty-three in this Complaint and incorporates them by reference as if set forth in full.

52.     Defendant Southwestern, itself and by and through its agents, made it known to Plaintiff that her future with Defendant no longer existed, putting Plaintiff in a position as the chief bread earner of her family to where she had to resign her position with

defendant and take employment elsewhere, that gave her a future. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

### F. VICARIOUS LIABILITY/RESPONDEAT SUPERIOR/ VICE-PRINCIPAL LIABILITY

53.     Plaintiff realleges paragraphs nine through forty-three in this Complaint and incorporates them by reference as if set forth in full.

54.     Under the doctrine of respondeat superior and vicarious liability, whenever in this Complaint it is alleged that the Defendant Southwestern did any act or thing, it is meant that the Defendant Southwestern's officers, agents, trustees, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of Defendant Southwestern or was done in the normal and routine course and scope of employment of Defendant Southwestern's officers, agents, trustees, employees, or representatives.

55.     Under the doctrine of respondeat superior and vicarious liability, whenever in this Complaint it is alleged that Defendant Patterson did any act or thing, it is meant that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant Southwestern or that it was done in the normal and routine course and scope of employment.  In particular, that said act or thing was within Defendant Patterson's general authority, that it was done in furtherance of Defendant Southwestern's business and for the accomplishment of the object for which Defendant Patterson was hired.

56.     Because Dr. Patterson's malicious conduct occurred within the scope of his employment, in whole or in part, and to serve the interest of his employer, Dr. Patterson

10

and Southwestern are both responsible for Dr. Patterson's wrongful acts under the doctrine of respondeat superior.

## G. DAMAGES

57.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered actual damages, including, but not limited to, a reduction in salary, loss of retirement, loss of life insurance, loss of benefits, loss of three years pay toward tenure evaluation and determination, loss of professional and academic years toward tenure, loss of equity in her home, costs and expenses associated with moving and with maintaining an unoccupied house and other actual and consequential damages.  In addition, Plaintiff suffered a loss of reputation, standing and good will, as well emotional distress, mental anguish and disruption of life, all of which, in addition to the damages listed above, will exceed the minimum jurisdictional requisites.

58.     Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

59.     In addition, Plaintiff has incurred reasonable and necessary attorneys' fees.

## H. ATTORNEYS' FEES

60.     Plaintiff has been forced to hire attorneys and pay them a reasonable fee for their services based upon reasonable and necessary services performed and the reasonable value thereof at the time and place incurred. Therefore, Plaintiff seeks the recovery of her attorneys' fees pursuant to 42 U.S.C. Section 2000e (5)(k).

## I.  DEMAND FOR JURY

61.     Plaintiff hereby demands a trial by jury.

## J.  PRAYER

WHEREFORE, Plaintiff demands judgment against the Defendants for such relief as follows:

1        Any and all damages, and actual damages, as proven at trial;

2        Exemplary damages;

2.       Declaratory relief as described herein;

3.       Pre-judgment interest;

4.       Reasonable attorneys' fees incurred in the presentation of this suit;

5.       Reasonable attorneys' fees incurred in the presentation of any appeal;

6.       Post-judgment interest at the highest rate allowable by law from the date judgment is entered until paid in full;

7.        Costs of suit; and

8.        Such other relief as the Court deems just and proper.


Respectfully submitted,

**THE RICHARDSON LAW
FIRM, P.C.**
6450 S. Lewis, Ste. 300
Tulsa, OK  74136-1068
918-492-9143
918-493-1925 Fax
glrichardson@richardsonlawfirmpc.com

BY: _____
        GARY L. RICHARDSON
        Texas State Bar No. 16863500

**MERICA & BOURLAND, P.C.**
CINDY OLSON BOURLAND
Texas State Bar No. 00790343
JO ANN MERICA
Texas State Bar No. 13952400
400 West 15th Street, Suite 900
Austin, Texas  78701
(512) 477-0100
(512) 477-0154 Fax
bourland@mericabourland.com

**ATTORNEYS FOR PLAINTIFF**

**JIMMIE A. FRANKLIN***
Texas State Bar No. 07375100
4150 International Plaza, Ste. 600
Fort Worth, TX 76109-4831
(817) 349-4388
(817) 349-4389 Fax
jafranklinatty@aol.com
**\*LOCAL COUNSEL PURSUANT
TO LR 83.10**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF TEXAS**

## Civil Filing Notice - Fort Worth Division

| | |
|---|---|
| CIVIL ACTION NO: | **4 - 0 7 C V - 3 5 5 - Y** |

This case has been assigned to District Judge: _____

(Complete if applicable)
TRANSFERRED FROM: _____     DATE FILED: _____

 

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A)  Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
|      Even Cases: 850-6652   Odd Cases: 850-6653 | | |
| (Y)  Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.

Information is attached regarding trials by a United States magistrate judge, receiving electronic notice, and the court's privacy policy.

JS 44 (Rev. 10/06)

RECEIVED
U.S. DISTRICT

ORIGINAL
**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| KLOUDA, SHERI L.    2007 JUN 15 PM 4:02    CLERK OF COURT | SOUTHWESTERN BAPTIST THEOLOGICAL SEMINARY PATTERSON, LEIGHTON P. |
| (b) County of Residence of First Listed Plaintiff    GRANT, IN    (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant    TARRANT, TX    (IN U.S. PLAINTIFF CASES ONLY)    NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)    (see attachment) | Attorneys (If Known)    4-07CV-355-Y |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Employment Discrimination; 28 USC Section 1332(a)(1)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500,000.00+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED** (See instructions):
JUDGE    John H. McBryde    DOCKET NUMBER    4-07CV-161-A

DATE    6/15/07    SIGNATURE OF ATTORNEY OF RECORD    _Gary L. Richardson_

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DR. SHERI L. KLOUDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| SOUTHWESTERN BAPTIST | § | |
| THEOLOGICAL SEMINARY, and | § | |
| LEIGHTON PAIGE PATTERSON, | § | |
| Defendants. | § | |

---

## ATTACHMENT TO CIVIL COVER SHEET

---

I.(c)   Gary L. Richardson
**THE RICHARDSON LAW FIRM, P.C.**
6450 S. Lewis, Ste. 300
Tulsa, Ok  74136-1068
918-492-9143
918-493-1925 Fax
glrichardson@richardsonlawfirmpc.com

Cindy Olson Bourland
**MERICA & BOURLAND, P.C.**
400 West 15th Street, Suite 900
Austin, Texas  78701
(512) 477-0100
(512) 477-0154 Fax
bourland@mericabourland.com

JIMMIE A. FRANKLIN*
**ATTORNEY AT LAW**
4150 International Plaza, Ste. 600
Fort Worth, TX  76109-4831
(817) 349-4388
(817) 349-4389 Fax
jafranklinatty@aol.com

**\*LOCAL COUNSEL PURSUANT TO LR 83.10**